# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME LATTIMORE, : | |
|     Petitioner, : | |
| : | |
| v. : | Civ. No. 18-5386 |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION & PAROLE, et al., : | |
|     Respondents. : | |

## O R D E R

On December 12, 2018, state prisoner Jerome Lattimore sought federal *habeas* relief, alleging that he was denied parole without due process. (Doc. No. 1); 28 U.S.C. § 2254. I referred his Petition to Magistrate Judge Elizabeth Hey, who recommends denying relief. (Doc. No. 17.)

No objections to the Report and Recommendation have been made. (Doc. No. 18.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).

Having reviewed the Report, I see no errors. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272, 291 n.2 (1998); Thorpe v. Grillo, 80 F. App'x 215, 219 (3d Cir. 2003). Moreover, Lattimore has not shown that he was denied parole for impermissible reasons. Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (denial of parole violates substantive due process "only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'"); Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) (same). To the contrary, as Judge Hey observes, the Parole Board denied Lattimore's parole request for legitimate penological reasons, including Lattimore's institutional behavior and level

of risk to the community.  Cf. 61 Pa. C.S.A. § 6135(a); Davis v. Harlow, 632 F. App'x 687, 691 (3d Cir. 2015).

In these circumstances, I will adopt Judge Hey's Report and Recommendation and deny Lattimore's request for relief.

**AND NOW**, this 26th day of June, 2019, upon careful and independent consideration of Jerome Lattimore's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response to Petition (Doc. No. 11), and Judge Hey's Report and Recommendation (Doc. No. 17) to which there are no objections, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 17) is **APPROVED and ADOPTED**;
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**;
3. A Certificate of Appealability shall **NOT ISSUE**.  See 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and
4. The **CLERK OF COURT** shall **CLOSE** this case.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.
